## IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY

| | | |
|---|---|---|
| BRUCE WOODHAM<br>6213 HARD BARGAIN CIRCLE<br>INDIAN HEAD, MARYLAND 20640-3042 | * | 2013 JUL 29  A 5: 21<br>CIRCUIT COURT FOR<br>CHARLES COUNTY |
| and | * | |
| MICHA WOODHAM<br>6213 HARD BARGAIN CIRCLE<br>INDIAN HEAD, MARYLAND 20640-3042 | * | |
| Plaintiffs | * | Case No.: |
| v. | * | |
| SUNTRUST BANK<br>303 PEACHTREE STREET, NE<br>ATLANTA, GEORGIA 30308<br> SERVE UPON RESIDENT AGENT<br>   CSC-LAWYERS INCORPORATING<br>   SERVICE COMPANY<br>   7 SAINT PAUL STREET<br>   SUITE 1660<br>   BALTIMORE, MARYLAND 21202 | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT

COMES NOW, Plaintiffs, Bruce Woodham and Micha Woodham, by and through their attorney Anupa Mukhopadhyay, Esquire, and file this Complaint against the above named Defendant SunTrust Bank in the Circuit Court of Maryland for Charles County.

### JURISDICTION AND VENUE

1. This Court has subject matter and personal jurisdiction over this contract and tort matter involving damages that are monetary and non-monetary.

2. Venue is proper in Charles County because the Plaintiffs are resident of Charles County and the Defendant SunTrust Bank solicits, conducts and operates businesses in this County.


Exhibit A

## FACTS

3.  On or about February 1997, Plaintiff Bruce Woodham won employment discrimination lawsuit in United States District Court for the District of Columbia in the amount of $300,000.00. The monetary award was cashed by the Plaintiffs and some of the award was deposited in a bank account and the rest was drawn and kept by the Plaintiff and his wife Micha Woodham at home in cash form. This cash was later the source of deposits made to the SunTrust bank account held by the Plaintiffs in October 2012, when Plaintiff Bruce Woodham decided to purchase a Lexus. **Exhibit A: Bruce Woodham v. Secretary of Transportation Judgment and Jury Award.**

4.  On or about March 2007, Plaintiffs opened his first account with SunTrust Bank (hereinafter "SunTrust"), formerly Citizens Bank, then Crestar Bank. On or about October 2012, Plaintiff Bruce Woodham deposited large sums of cash totaling $57,000.00 into the joint marital account held at SunTrust so that he could purchase a Lexus.

5.  On or about January 8, 2013, SunTrust sent the Plaintiffs a letter advising them that SunTrust was terminating the bank services being offered to the Plaintiffs in the form of checking, savings, and safety deposit box services after a review of the account activity. **Exhibit B: Letter from SunTrust Bank dated, January 8, 2013.**

6.  Plaintiffs did not request, approve or authorize the termination of the banking services.

7.  SunTrust stated in its letter dated January 8, 2013, *"In accordance with these Rules and Regulations, and as a result of a recent account review, we find it necessary to discontinue our banking relationship. We must ask that you close the below listed SunTrust accounts by February 11, 2013, including the closure of your safe deposit box. If you do not close the accounts by this date, we will close them for you".*

8. Plaintiffs protested this arbitrary decision by SunTrust and filed a complaint with Consumer Financial Protection Bureau, **Exhibit C: Complaint and Response to Consumer Financial Protection Bureau.**

9. SunTrust provided a response to a Consumer Financial Protection Bureau inquiry by stating that, *"In accordance with these Rules, and due to activity inconsistent with SunTrust's requirements, the decision was made to close the account. You were informed of this by written correspondence dated January 8, 2013".*

10. Subsequently, Plaintiffs made many inquiries of Jackie Roth, Banking Officer of SunTrust, William Henry Rodgers Jr., CEO of SunTrust, over the telephone, and in writing to SunTrust requesting (a.) What was the *"activity inconsistent with SunTrust requirements"*? (b.) What *Rule(s) and Regulation(s) for Deposit Accounts were violated*? (c.) Why the bank never contacted the Plaintiff about this alleged *"activity inconsistent with SunTrust requirements"* prior to closing their account(s)? All of these questions remain unanswered through present day. **Exhibit D: Letters to SunTrust, CEO and Complaints Filed with Identified Federal and State Administrative Agencies.**

11. Plaintiffs made the most recent inquiry through their attorney. **Exhibit E: Letter from Joshua A. Walters to SunTrust Bank, dated April 26, 2013.**

12. On or about May 29, 2013, SunTrust sent the Plaintiffs a letter which was completely non-responsive to his inquires by stating *"…As noted in our letter of February 6, 2013, responding to your prior inquiry, your deposit account with SunTrust Bank is governed by the Rules and Regulations For Deposit Accounts, copies of which are provided at account opening and to which you agreed when you signed the Personal Account Signature Card".* **Exhibit F: Letter from SunTrust Bank, dated May 29, 2013.**

13.     The decision to arbitrarily terminate all banking services being provided to Plaintiffs caused great inconvenience, humiliation, and embarrassment.

14.     Furthermore, if such closure is due to an *alleged inconsistent or inappropriate activity* that has been alleged and recorded by SunTrust in its data banks then the Plaintiffs have a right to know what this activity(s) is so that they may exonerate themselves by presenting a defense to such unfounded and arbitrary allegations by SunTrust.

15.     Furthermore, every banking financial institution has to keep a record of such terminations and provide this information to federal agencies such as the Internal Revenue Service among other law enforcement agencies that are required to be informed of any financial inconsistencies or misappropriation allegation such as those being made by SunTrust against the Plaintiffs.

16.     Plaintiffs have a right to know why SunTrust terminated their banking service in order to defend against any subsequent action taken against them as a consequence of SunTrust's false and inaccurate allegations.

17.     Plaintiff Bruce Woodham has held both Secret and a Top Secret Clearance(s) and has worked on federal contracts that require a clearance and has now been jeopardized due to the allegations SunTrust made when it arbitrarily closed the Plaintiffs personal account for alleged *"inconsistent activity"*. Plaintiff desires to continue employment as a contractual government employee that is now jeopardized by the actions SunTrust has taken.

18.     Plaintiff Bruce Woodham has been personally damaged by SunTrust's arbitrary and capricious actions as now he stands to lose his ability to obtain another security clearance and opportunity to work on a federal agency contract that requires a security clearance.

19.     Damages due to SunTrust's actions are incalculable and because of their arbitrary and capricious actions Plaintiffs have suffered harm to their reputation by the defamatory actions of

SunTrust, besides being discriminated, embarrassed, humiliated, threatened, and inconvenienced that can only be compensated with the monetary award of thirty million dollars.

### COUNT ONE: BREACH OF CONTRACT

20. Plaintiffs hereby incorporate all of the facts alleged in paragraphs 1 through 19.

21. SunTrust breached its contractual obligations as posted in its own Rules and Regulations for Deposit Accounts when it arbitrarily terminated banking services to the Plaintiff with no warning, advance notice of the reasons for such termination.

22. Breach of the promised contractual obligations by SunTrust is the direct cause of damages suffered by the Plaintiffs for which SunTrust is directly liable.

23. Damages due to SunTrust's actions are incalculable and because of their arbitrary and capricious actions Plaintiffs have suffered harm to their reputation by the defamatory actions of SunTrust, besides being discriminated, embarrassed, humiliated, threatened, and inconvenienced that can only be compensated with the monetary award of thirty million dollars.

### COUNT TWO: DISCRIMINATION

24. Plaintiffs hereby incorporate all of the facts alleged in paragraphs 1 through 23.

25. Plaintiff's were targeted and profiled by SunTrust because of suspected unfounded and unjustified false assumption of alleged improper and or illegal activities.

26. SunTrust based upon false assumptions of alleged improper and illegal activities made the arbitrary and capricious decision to terminate and close Plaintiffs banking services unilaterally without any justification and proof of wrongdoing by the Plaintiffs.

27. The subsequent vague communications from January 2013 through present have further indicated and implied that SunTrust portrayed the Plaintiffs in false light by making allegations that somehow Plaintiffs financial transactions were by nature "*inconsistent activity*" as opposed

to other customers who are SunTrust customers.

28. SunTrust blatantly treated Plaintiffs differently from its other customers when SunTrust made the arbitrary and capricious decision to terminate and close Plaintiffs banking services unilaterally without any justification and proof of wrongdoing by the Plaintiffs.

29. It is not a crime to legally have money that is legitimately earned and received and held at home and then deposited in cash form at a later time into a bank account.

30. SunTrust profiled the Plaintiffs and upon information and belief decided that if Plaintiffs have access to a large sum money and cash it must be a result of dishonest activity.

31. Such profiling is not only defamatory but is also discriminatory in nature.

32. This act of defamation and discrimination on the part of SunTrust that must be stopped.

33. Damages due to SunTrust's actions are incalculable and because of their arbitrary and capricious actions Plaintiffs have suffered harm to their reputation by the defamatory actions of SunTrust, besides being discriminated, embarrassed, humiliated, threatened, and inconvenienced that can only be compensated with the monetary award of thirty million dollars.

## COUNT THREE: DEFAMATION

34. Plaintiffs hereby incorporate all of the facts alleged in paragraphs 1 through 33.

35. Plaintiff's were targeted and profiled by SunTrust because of suspected unfounded and unjustified false assumption of alleged improper and or illegal activities.

36. SunTrust based upon false assumptions of alleged improper and illegal activities knowingly made the false and defamatory statements in its written letters when it alleged *"inconsistent activity"* and subsequently made the arbitrary and capricious decision to terminate and close Plaintiffs banking services unilaterally without any justification and proof of wrongdoing by the Plaintiffs.

37. SunTrust then published this false and defamatory publication to the executive and low level employees of SunTrust Bank who reasonably understood the written documents of SunTrust to be defamatory.

38. The written communications from January 2013 through present have further indicated and implied that SunTrust portrayed the Plaintiffs in false light by making allegations that somehow Plaintiffs financial transactions were by nature "*inconsistent activity*" as opposed to other customers who are SunTrust customers.

39. SunTrust blatantly treated Plaintiffs differently from its other customers when SunTrust made the arbitrary and capricious decision to terminate and close Plaintiffs banking services unilaterally without any justification and proof of wrongdoing by the Plaintiffs.

40. The actions of SunTrust were defamatory when such actions impugned the Plaintiffs.

41. SunTrust acted with knowledge of the falsity of its statements when SunTrust published the defamatory statements and took action to terminate and close all of Plaintiffs bank account based on alleged "*inconsistent activity*".

42. SunTrust profiled the Plaintiffs and upon information and belief decided that if Plaintiffs have access to a large sum money and cash it must be a result of dishonest activity.

43. Such profiling is not only defamatory but is also discriminatory in nature.

44. This act of defamation on the part of SunTrust has harmed the Plaintiffs character, reputation and besides the mental anguish and personal humiliation Plaintiffs have suffered.

45. As a direct and proximate cause of the false and defamatory written communication published by SunTrust, Plaintiff Woodham now will not be able to procure employment with federal agencies for positions that requires Top Secret and Secret clearance which are based upon thorough background investigations, thereby Plaintiffs have suffered and continue to suffer a loss

of prospective income which Plaintiff Woodham earned from the salary associated with a federal agency position.

46.     Damages due to SunTrust's actions of injurious falsehood are incalculable and because of their arbitrary and capricious actions Plaintiffs have suffered harm to their reputation by the defamatory actions of SunTrust, besides being discriminated, embarrassed, humiliated, threatened, and inconvenienced that can only be compensated with the monetary award of thirty million dollars.

WHEREFORE, Plaintiff demands judgment in his favor and an award of:

A.     Thirty Million Dollars for each count;

B.     Punitive damages in an amount deemed appropriate by the Court;

C.     An award of attorney fees;

D.     Costs;

E.     Such other and further relief as the nature of this case may require.

We do solemnly declare and affirm under the penalty of perjury that the contents of the foregoing Complaint are true and correct to the best of our knowledge, information and belief.

_____  
Micha Woodham

_____  
Bruce Woodham

Respectfully submitted,

_____  
Anupa Mukhopadhyay, Esquire  
10665 Stanhaven Place, Suites 300A  
White Plains, MD 20695  
Tel: 301-396-4668  
Fax: 866-233-5294  
Attorney for Plaintiffs  
Bruce Woodham and Micha Woodham

IN THE CIRCUIT COURT OF MARYLAND FOR CHARLES COUNTY

| | |
|---|---|
| BRUCE WOODHAM <br> 6213 HARD BARGAIN CIRCLE <br> INDIAN HEAD, MARYLAND 20640-3042 <br><br> and <br><br> MICHA WOODHAM <br> 6213 HARD BARGAIN CIRCLE <br> INDIAN HEAD, MARYLAND 20640-3042 <br><br> Plaintiffs <br><br> v. <br><br> SUNTRUST BANK <br> 303 PEACHTREE STREET, NE <br> ATLANTA, GEORGIA 30308 <br> SERVE UPON RESIDENT AGENT <br>    CSC-LAWYERS INCORPORATING <br>    SERVICE COMPANY <br>    7 SAINT PAUL STREET <br>    SUITE 1660 <br>    BALTIMORE, MARYLAND 21202 <br><br> Defendant | Case No.: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR A JURY TRIAL

Now comes the Plaintiffs, Bruce Woodham and Micha Woodham, by and through their attorney Anupa Mukhopadhyay, Esquire, and makes this Motion for a Jury Trial in this action.

Respectfully submitted,

_____
Anupa Mukhopadhyay, Esquire
10665 Stanhaven Place, Suites 300A
White Plains, MD 20695
Tel: 301-396-4668
Fax: 866-233-5294
Attorney for Plaintiffs
Bruce Woodham and Micha Woodham